UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| WELBY THOMAS COX, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 08-CV-382-GFVT |
| ) | |
| vs. ) | |
| ) | |
| KAREN HOGSTEN, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*

Welby Thomas Cox ("Cox"), an individual incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [R. 2, 4.]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Cox is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## I.

In his petition, Cox alleges that he is elderly and qualifies for early release to home

confinement pursuant to the Pilot Program for the Elderly.  He asserts that this program is part of the Second Chance Act of 2007, codified at 42 U.S.C. § 17501 *et seq.*.  The program purportedly grants the Attorney General of the United States the authority to waive the requirements of 18 U.S.C. § 3624 and place certain elderly inmates in home confinement.

Cox also requests, in the alternative, that the warden be ordered to credit against his sentence 13 months he spent in "supervised detention."  Although Cox does not state explicitly what period of time he contends was not counted against his sentence, he includes with his petition a September 24, 2008 Inmate Request to Staff, in which he asks staff to credit against his sentence approximately 13 months he spent awaiting trial on the charges which lead to his current conviction.  During this period, he was released on his own recognizance with an electronic security bracelet and subject to restrictions on his movement.

Finally, Cox alleges that the medical care that he is receiving for his gastro-enterietal reflux disease ("GERD") is inadequate.  He requests a court order directing the warden to provide appropriate medical care.

Cox indicates that he has exhausted his administrative remedies with respect to each of these three claims.  Cox includes with his petition a number of Inmate Request to Staff forms and a Form BP-229 filed with the warden regarding receiving proper credit for his pre-trial detention, as well as two Inmate Request to Staff forms regarding his medical care.

**II.**

With respect to Cox's concerns regarding his medical care, this claim relates to the conditions of his confinement, and hence cannot be asserted in a petition for a writ of habeas corpus, but must instead be asserted in a civil rights action against federal officials filed  pursuant

to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Estelle v. Gamble*, 429 U.S. 97 (1976); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (habeas petition seeking transfer or release based upon allegedly inadequate medical care asserts conditions of confinement claim cognizable only in civil rights complaint).

When a prisoner files a habeas petition asserting claims which must be raised in a civil rights action, the district court should deny the petition without prejudice to allow the prisoner to assert the claims under the proper method. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004); *Beckley v. Miner*, 2005 WL 256047, **3 (3rd Cir. 2005). The Court will do so.

With respect to Cox's claims regarding early release to home confinement and calculation of pre-trial custody credit, both of these claims must be denied at this juncture for failure to exhaust administrative remedies. Courts require federal prisoners to exhaust administratively his remedies before filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001); *Cruz v. Beto*, 405 U.S. 319 (1972). The administrative remedy process for federal prisoners includes four steps: (1) a request for informal resolution with unit staff; (2) a formal grievance filed with the warden; (3) an appeal to the appropriate regional office; and (4) an appeal to the Central Office. See 28 C.F.R. § 542.10 *et seq*. The documents attached to Cox's petition do not indicate that he has made any effort to apply for early release to home confinement under the Second Chance Act, and indicate that he requested re-calculation of his pre-trial custody credit only from the warden by filing a Form BP-229. As the present record indicates that Cox has failed to exhaust these claims in accordance with Section 542, they will be denied without prejudice to Cox re-asserting the claims once he

3

has properly exhausted them.

### III.

Accordingly, it is **ORDERED** that:

1.  Cox's petition for a writ of habeas corpus [R. 2] is **DENIED, WITHOUT PREJUDICE.**

2.  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 30th day of January, 2009.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge